UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUSTO CASTILLO,

                            Plaintiff,

            -against-                               **COMPLAINT**

ANDREW'S THIRTY-FIFTH STREET COFFEE
SHOP, INC. d/b/a ANDREWS COFFEE SHOP,
MONIR ZAMEL, and CLIFFORD ZAMEL,

                            Defendants.
------------------------------------------------------------------X

        Plaintiff Justo Castillo ("Castillo" or "Plaintiff"), by his attorneys Pechman Law Group PLLC, complaining of defendants Andrew's Thirty-Fifth Street Coffee Shop, Inc. d/b/a Andrews Coffee Shop ("Andrews"), Monir Zamel ("Monir"), and Clifford Zamel ("Clifford") (collectively, "Defendants"), alleges:

### NATURE OF THE ACTION

        1.      Throughout his fifteen years of employment as a cook at Andrews Coffee Shop, Defendants failed to pay Castillo overtime pay for the hours he worked over forty in a week and failed to provide him with wage notices or accurate wage statements.

        2.      Castillo brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Sections 190 *et seq.* of the New York Labor Law ("NYLL"), and the New York State Wage Theft Prevention Act ("WTPA") to remedy Defendants' willful violations of those laws and recover unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs.

### JURISDICTION

        3.      This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because all events relevant to this action occurred at Andrews Coffee Shop located and operated by Defendants at 463 7th Avenue, New York, New York, 10018.

## THE PARTIES

**Plaintiff Justo Castillo**

5. Castillo resides in New York, New York.

6. Defendants employed Castillo as a cook from in or about 2003 until February 21, 2018.

**Defendant Andrew's Thirty-Fifth Street Coffee Shop, Inc.**

7. Defendant Andrew's Thirty-Fifth Street Coffee Shop, Inc. is a New York corporation that owns, operates, and does business as Andrews Coffee Shop, a restaurant located at 463 7th Avenue, New York, New York, 10018.

8. According to its website, Andrews has been a "New York fixture since 1964," starting off as a coffee shop and bakery and turning into a "full-service restaurant serving breakfast, lunch, dinner and desserts."

9. Andrew's Thirty-Fifth Street Coffee Shop, Inc. has employees engaged in interstate commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

10. Within the three years prior to the filing of this Complaint, Andrew's Thirty-Fifth Street Coffee Shop, Inc. had an annual gross volume of sales in excess of $500,000.

**Defendant Monir Zamel**

11. Defendant Monir Zamel is an owner of Andrews.

12. Monir is listed as the Chief Executive Officer of Andrews on its New York State Division of Corporations Entity Information.

13. Monir hires and fires Andrews employees, directs their work duties, and determines their method of pay. For example, when Monir hired Castillo in 2003, he informed him that he would receive part of his wages by check and the rest in cash.

14. Monir is regularly present in the business from Sunday to Friday from 6:00 a.m. until approximately 1:00 p.m.

15. Monir terminated Castillo on February 21, 2018.

16. Monir exercised sufficient control over the restaurant's operations and Castillo's employment to be considered Castillo's employer under the FLSA and NYLL.

**Defendant Clifford Zamel**

17. Defendant Clifford Zamel is the son of Monir, and an owner of Andrews.

18. Clifford hires and fires Andrews employees, directs their work duties, and determines their method of pay. For example, in January 2017, Clifford cut Castillo's hours.

19. Clifford is regularly present in the business and is the primary manager of the business when his father is not on site.

20. Clifford directed Castillo's work duties. For example, Clifford would tell Castillo when he should go to the front and help cook during busy times.

21. Clifford exercised sufficient control over the restaurant's operations and Castillo's employment to be considered Castillo's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

22. Andrews is open to the public Monday through Friday from 6:00 a.m. to midnight and Saturday and Sunday from 7:00 a.m. to midnight.

3

23. Throughout his employment at Andrews, Castillo prepped and cooked food at the restaurant.

**Castillo's Hours and Pay at Andrews**

24. Throughout his employment at Andrews, Castillo regularly worked over forty hours per workweek.

25. From the time he was hired in or about 2003 through approximately December 2014, Castillo regularly worked Monday through Friday from approximately 5:00 a.m. to 2:30 p.m., and Sunday 6:30 a.m. from 3:00 p.m., with a half-hour break each day, for an approximate total of fifty-three hours per workweek.

26. Even though the restaurant did not open until 6:00 a.m. on weekdays and 7:00 a.m. on weekends, Castillo came in an hour in advance of the opening to prepare food.

27. From around January 2015 through December 2017, Castillo regularly worked Monday through Friday from 3:30 p.m. until midnight, and either Saturday or Sunday from 3:00 p.m. until midnight, with a half-hour break each day, for an approximate total of forty-eight and one-half hours per workweek.

28. In or about January 2018 through February 21, 2018, Castillo regularly worked two or three days per week from 3:30 p.m. until midnight with a half-hour break each day, for an approximate total of sixteen to twenty-four hours per workweek.

29. From the start of his employment through approximately December 2011, Defendants paid Castillo straight time pay of $8.00 per hour for all hours worked, including those over forty in a week.

30. From in or about January 2012 until summer 2012, Defendants paid Castillo straight time pay of $11.00 per hour for all hours worked including those over forty in a week.

4

31.     From in or about summer 2012 to mid 2014, Defendants paid Castillo straight time pay of $13.00 per hour for all hours worked including those over forty in a week.

32.     From in or about mid 2014 to March 2016, Defendants paid Castillo straight time pay of $15.00 per hour for all hours worked, including those over forty in a week.

33.     From in or about March 2016 to December 2017, Defendants paid Castillo straight time pay of $17.00 per hour for all hours worked, including those over forty in a week.

34.     Defendants failed to pay Castillo the overtime premium of one and one-half times his regular hourly rate for hours worked over forty in a workweek.

35.     Defendants paid a portion of Castillo's wages by check and the rest of his wages in cash, all at a straight time rate.

36.     Defendants failed to furnish Castillo with wage notices at the time of his hire and each time his rate of pay changed.

37.     Defendants failed to furnish Castillo each time he was paid with an accurate wage statement including, *inter alia*, the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

38.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

39.     Plaintiff is an employee within the meaning of the FLSA.

40.     Defendants were required to pay Plaintiff one and one-half (1½) times the regular rate at which Plaintiff was employed, which shall not be less than the minimum

5

wage, for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

41.     Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

42.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

43.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

44.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

45.     Plaintiff is a covered, non-exempt, employee within the meaning of the NYLL and supporting New York State Department of Labor ("NYDOL") regulations.

46.     Under the NYLL and supporting NYDOL Regulations, Defendants were required to pay Plaintiff one and one (1½) half times the regular rate of pay, which shall not be less than the minimum wage, for all hours he worked in excess of forty.

47.     Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

48.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

49.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)

50. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

51. The NYLL and the Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

52. In violation of NYLL § 195(1), Defendants failed to furnish to Plaintiff at the time of hiring with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

53. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## FOURTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

54. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

55. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

56. Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name

7

of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

57. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL Regulations;

b. declaring that Defendants violated the notice- and record-keeping provisions of the NYLL and WTPA;

c. declaring that Defendants' violations of the FLSA and NYLL were willful;

d. awarding Plaintiff unpaid overtime wages;

e. awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and to the NYLL;

f. awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

g. awarding Plaintiff pre- and post-judgment interest under the NYLL;

h. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

i. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 27, 2018

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Gianfranco Cuadra
Catalina Cadavid
488 Madison Avenue, 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
cadavid@pechmanlaw.com
*Attorneys for Plaintiff*